UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANDREA J. RIGSBY,

           Plaintiff,

      v.

HYUNDAI MOTORS d/b/a HYUNDAI
MOTOR AMERICA,

           Defendant.
_____

**DECISION AND ORDER**

6:22-CV-6218-EAW-MWP

## INTRODUCTION

Plaintiff Sandra J. Rigsby ("Plaintiff"), proceeding *pro se*, commenced this personal injury and products liability action on April 14, 2022, in New York State Supreme Court, Monroe County, seeking damages from Defendant Hyundai Motors d/b/a Hyundai Motor America ("Defendant"). Currently pending before the Court is Plaintiff's motion seeking remand to Supreme Court, Monroe County. (Dkt. 8). Defendant filed a response on July 15, 2022 (Dkt. 12), and Plaintiff filed a reply on June 18, 2021 (Dkt. 13).

For the reasons set forth below, Plaintiff's motion to remand is denied.

## PROCEDURAL BACKGROUND

On April 14, 2022, Plaintiff filed the instant action in Supreme Court, Monroe County, arising from injuries she suffered in a motor vehicle accident while driving a car manufactured by Defendant. (Dkt. 1-1 at 3-5). Defendant was served on April 18, 2022. (Dkt. 1 at ¶ 4).

On May 17, 2022, Defendant timely filed a notice of removal to this Court contending that removal was warranted pursuant to 28 U.S.C. §1441(c). (*Id.* at ¶ 11). Defendant filed its answer on May 31, 2022. (Dkt. 3).

By letter dated June 18, 2022, Plaintiff moved to remand. (Dkt. 8). The letter indicates that Plaintiff is opposed to Defendant's removal of the action to this Court and argues that Defendant was without legal authority to initiate such removal. Defendant contends that removal was proper because there is complete diversity of citizenship among the parties and the requisite amount in controversy is satisfied.

## **DISCUSSION**

**I.** **Legal Standard**

28 U.S.C. § 1447(c) authorizes federal courts to remand a case "on the basis of any defect in removal procedure or because the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994) (quotation and citation omitted). "In a case removed to federal court from state court, the removal statute is to be interpreted narrowly . . ." *Winter v. Novartis Pharm. Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014) (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269 (2d Cir. 1994)). "[O]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.").

A court will "generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." *Vera v. Saks & Co.*, 335 F.3d 109, 119 n.2 (2d Cir. 2003). Moreover, "the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise," *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000), and "[a]ny doubts as to removability should be resolved in favor of remand," *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001).

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)). "[I]t is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (quotations and citation omitted); *Espinoza v. Bill & Melinda Gates Found.*, No. 22-CV-184 (AMD) (LB), 2022 WL 4368267, at *3 (E.D.N.Y. Sept. 21, 2022) ("A defendant seeking to remove an action to federal court based on diversity jurisdiction has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount of $75,000." (quotation and citation omitted)).

II.   **Plaintiff's Motion for Remand**

Here, Defendant argues, and Plaintiff does not contest, that Plaintiff is a citizen of the State of New York and Defendant is a foreign corporation incorporated in the State of

California with its principal place of business in the State of California. (Dkt. 1 at ¶¶ 9, 10). Accordingly, on the present record, diversity of citizenship is undisputed.

Moreover, Plaintiff's complaint avers that she has suffered $150 million dollars in damages for the injuries sustained, some of which she contends are permanent. *See Lopiano v. Costco Wholesale Corp.*, No. 3:22CV00995(AWT), 2022 WL 7367307, at *2 (D. Conn. Oct. 13, 2022) ("The 'jurisdictional threshold amount is ordinarily established by the face of the complaint and the dollar-amount actually claimed.'" (quoting *Price v. PetSmart, Inc.*, 148 F. Supp. 3d 198, 200 (D. Conn. 2015)); *Vulcan Steam Forging Co. v. A. Finkl & Sons Co.*, No. 19-CV-962S, 2022 WL 4485481, at *2 (W.D.N.Y. Sept. 27, 2022) ("The general rule in cases invoking diversity jurisdiction is that '[p]leading that the amount in controversy exceeds $75,000 creates a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" (quoting *Wood v. Maguire Auto., LLC*, 508 F. App'x 65 (2d Cir. 2013)); *Gasery v. Kalakuta Sunrise*, LLC, 422 F. Supp. 3d 807, 817 (S.D.N.Y. 2019) ("This burden is hardly onerous, however, for we recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." (quotation and citation omitted)). The Court is satisfied that the amount of controversy requirement has been met on these facts.

Plaintiff has not put forth any basis for her contention that remand was improper and none is otherwise apparent to the Court. Accordingly, the Court concludes that Plaintiff's claims for personal injury and products liability do fall within the Court's diversity jurisdiction under 28 U.S.C. § 1332 because they meet the complete diversity and $75,000 amount-in-controversy requirements.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand (Dkt. 8) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: October 24, 2022
       Rochester, New York